# United States Bankruptcy Court
## District of Maryland

In re   **Joseph A Jamison** _____  Case No.   **18-24213** _____

                              Debtor(s)              Chapter   **13** _____

## CHAPTER 13 PLAN

■ Original Plan    ☐ Amended Plan    ☐ Modified Plan

**1.**     **GENERAL PLAN PROVISIONS.**

        The Debtor proposes the following Chapter 13 Plan and makes the following declarations (mark <u>one</u> of the following boxes that apply for each of 1.1, 1.2, and 1.3 below). ***If a box is marked as "does not . . ." or if more than one box is marked, the provision will be ineffective if set out later in the plan.***

        **1.1**     **Declaration as to Nonstandard Provisions.**

This Plan:     ■ does not contain nonstandard provisions.

OR             ☐ does contain nonstandard provisions set out in Section 9 below.

        **1.2**     **Declaration as to Limiting Secured Claims.**

This Plan:     ■ does not limit the amount of a secured claim.

OR             ☐ limits the amount of a secured claim based on the value of the collateral securing the claim as set out in Sections 5.1 through 5.4 below.

        **1.3**     **Declaration as to Avoiding Security Interests.**

This Plan:     ■ does not avoid a security interest or lien.

OR             ☐ avoids a security interest or lien as set out in Section 5.1 through 5.4 below.

**2.**     **NOTICES.**

        You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

        **2.1.**     **Notices to Creditors.**

        Your rights may be affected by this Plan. Your claim may be reduced, modified, or eliminated. ***The declarations set out in Section 1 above may be of particular importance***.

        If you oppose the Plan's treatment of your claim or any provision of this Plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Court may confirm this Plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under the Plan.

        **2.2.**     **Notices to Debtors.**

        This form lists options that may be appropriate in some cases, but not all cases. Just because an option is listed on the form does not mean that it is appropriate for you. Plans contrary to the local rules and Court rulings may not be confirmed.

**3.**     **PLAN TERMS.**

        The Debtor's future earnings are submitted to the supervision and control of the Trustee, and the Debtor will pay as follows (mark and complete <u>one</u> of 3.1, 3.2, or 3.3 and/or 3.4 below; and, optionally, 3.5 as applicable):

■     **3.1**     **Even Monthly Payments.**

        $   **150.00**    per month for a term of   **36**    months.

OR

☐         **3.2**     **Varying Monthly Payments.**

$_____ per month for _____ month(s),

$_____ per month for _____ month(s),

$_____ per month for _____ month(s), for a total term of _____ months.

OR

☐      **3.3    Varying Monthly Payments Before and After Confirmation.**

$_____ per month before confirmation of this Plan (use Section 4.6.1 below to list the adequate protection payments to be made before confirmation), and $_____ per month after confirmation of this plan, for a total term of _____ months.

AND/OR

☐      **3.4    Additional Payments.**

In addition to monthly Plan payments under 3.1, 3.2, or 3.3, above, the Debtor will make the payments listed below:

| Amount | Date | Source of Payment |
|---|---|---|

☐      **3.5.    Additional Payment of Tax Refunds.**

The Debtor will provide the Trustee with copies of state and federal tax returns for the years listed below within 15 days of filing the returns (and must timely file the returns on or before April 15 of each year). Not later than June 1 of each year, the Debtor will pay into the Plan the amount of refunds exceeding $__0.00__ (the amount already pro rated on Schedule I, if any) for each of the listed years unless otherwise ordered by the Court. The tax refund payments are in addition to, and not a credit against, the other payments required to be paid under the Plan. The Debtor will not make any change to the number of any federal and state tax withholding allowances claimed as of the petition date without 30 days prior notice to the Trustee.

This commitment covers tax years (list): _____

## 4.    DISTRIBUTION OF PLAN PAYMENTS.

From the payments made, the Trustee will make distributions in the order listed below:

**4.1    Trustee's Commission.**

The Trustee will receive the allowed Trustee commission under 11 U.S.C. § 1326(b)(2).

**4.2    Administrative Claims.**

Next to be paid, except as provided in Section 4.3 below, are administrative claims under 11 U.S.C. § 507(a)(2), including Debtor's Counsel fee balance of $__3,075.00__ due and payable pursuant to a fee arrangement made under Subparagraphs 4.A, B, or C of Appendix F to the Local Bankruptcy Rules.

**4.3    Domestic Support Obligations and Non-Appendix F Attorney Fees.**

Next to be paid, at the same time and pro rata, are allowed unsecured claims for: (i) domestic support obligations under 11 U.S.C. § 507(a)(1); and (ii) any Debtor's Counsel fee allowed under 11 U.S.C. § 507(a)(2) by Bankruptcy Court order following an application pursuant to a fee arrangement under Section 7 of Appendix F to the Local Bankruptcy Rules. Debtor's Counsel fee balance to be paid through the Plan is expected to be in the amount of $__0.00__.

**4.4    Former Chapter 7 Trustee Claims.**

Next to be paid are any claims payable to the former Chapter 7 Trustee under 11 U.S.C. § 1326(b)(3). List the monthly payment: $__0.00__.

**4.5    Priority Claims.**

Next to be paid are other priority claims defined by 11 U.S.C. § 507(a)(3) - (10). List the expected claims below:

| Priority Creditor | Expected Claim Amount |
|---|---|
| -NONE- | |

**4.6.    Secured Claims.**

Next to be paid, at the same time and pro rata with payments on priority claims under Section 4.5 above, are

secured claims as set forth below. The holder of an allowed secured claim retains its lien under 11 U.S.C. § 1325(a)(5)(B)(i). Any allowed secured claim listed in the Plan to be paid by the Trustee will be deemed provided for under the Plan. Any allowed secured claim not listed in the Plan to be paid by the Trustee, or not stated to be paid outside of or otherwise addressed in the Plan, will be deemed not provided for under the Plan and will not be discharged.

### 4.6.1.  Adequate Protection Payments for Claims Secured by or Subject to a Lease of Personal Property

Beginning not later than 30 days after the petition date and until the Plan is confirmed, the Debtor will directly pay adequate protection payments for claims secured by or subject to a lease of personal property for: *None* ■ or the *Claims Listed Below* ☐ (mark <u>one</u> box only). After confirmation of the Plan, the claims will be paid under Section 4.6.3. Make sure to list the amount of the monthly payment the Debtor will pay before confirmation, and list the last 4 digits only of the account number, if any, the lienholder uses to identify the claim:

| Lessor/Lienholder | Property/Collateral | Acct. No (last 4 numbers). | Monthly Payment |
|---|---|---|---|
| -NONE- | | | |

### 4.6.2.  Pre-petition Arrears on Secured Claims

Pre-Petition arrears on secured claims will be paid through the Plan in equal monthly amounts while the Debtor directly pays post-petition payments beginning with the first payment due after filing the petition for: *None* ■ or the *Claims Listed Below* ☐ (mark <u>one</u> box only). The claims listed below include: *Claims Secured by the Debtor's Principal Residence* ☐ and/or *Other Property* ☐.

| Lienholder | Collateral | Arrears | Monthly Payment | No. of Months. |
|---|---|---|---|---|
| -NONE- | | | | |

### 4.6.3.  Secured Claims Paid Through the Plan.

The following secured claims will be paid through the Plan in equal monthly amounts for: *None* ■ or the *Claims Listed Below* ☐ (mark <u>one</u> box only). Such secured claims include secured claims altered under Sections 5.1 through 5.5 below. Make sure to list the interest rates to be paid:

| Lienholder | Collateral | Amount | %Rate | Monthly Payment | No. of Months. |
|---|---|---|---|---|---|
| -NONE- | | | | | |

### 4.6.4.  Surrender Collateral to the Lienholder.

The Debtor will surrender collateral to the lienholder for: *None* ■ or the *Claims Listed Below* ☐ (mark <u>one</u> box only). Describe the collateral securing the claim. Any allowed claim for an unsecured deficiency will be paid pro rata with general unsecured creditors. Unless the Court orders otherwise, a claimant may amend a timely filed proof of claim for an unsecured deficiency after entry of the confirmation order as follows: (a) the amended proof of claim asserting an unsecured deficiency claim for real property shall be filed within __0__ days (no less than 180 days) after entry of the confirmation order; (b) the amended proof of claim asserting an unsecured deficiency claim for personal property shall be filed within __0__ days (no less than 60 days) after entry of the confirmation order. Upon plan confirmation, the automatic stay of 11 U.S.C. §§ 362 and 1301 terminates, if not terminated earlier, as to the collateral listed:

| Lienholder | Collateral to be Surrendered |
|---|---|
| -NONE- | |

### 4.6.5.  Secured Claims Outside of the Plan.

The Debtor will directly pay the secured claims outside of the Plan for: *None* ☐ or the *Claims Listed Below* ■ (mark <u>one</u> box only). Such claims are deemed provided for under the Plan. The Debtor will also directly pay outside of the Plan the unsecured portion of a claim that is only partially secured, and any such unsecured claim is deemed provided for under the Plan:

| Lienholder | Collateral to Be Paid for Outside of the Plan |
|---|---|
| **Carrington Mortgage Se** | **1213 McAdoo Avenue Gwynn Oak, MD 21207  Baltimore County** |
| **East Coast Capital Corp** | **1732 Amuskai Road Parkville, MD 21234  Baltimore County** |

3

| Lienholder | Collateral to Be Paid for Outside of the Plan |
|---|---|
| **Esb/harley Davidson Cr** | **2017 Harley Davidson FLSS**<br>**Location: 2538 Rutland Road, Davidsonville MD 21035** |
| **Jerry M Cecil** | **1213 McAdoo Avenue Gwynn Oak, MD 21207  Baltimore County** |
| **MaxSalePrice.com** | **1213 McAdoo Avenue Gwynn Oak, MD 21207  Baltimore County** |

**4.6.6.   Secured Claim Not Listed in the Plan.**
The Debtor will directly pay any allowed secured claim not listed in the Plan outside of the Plan. Any such claim will not be discharged.

**4.6.7. Additional Payments on Secured Claims.**
If the Trustee is holding more funds than those needed to make the payments under the Plan for any month, the Trustee may pay amounts larger than those listed in Sections 4.6.2 and 4.6.3 pro rata.

**4.7. Unsecured Claims.**
After payment of all other claims, the remaining funds will be paid on allowed general unsecured claims as follows (mark <u>one</u> box only):

■ Pro Rata                    ☐ 100%                    ☐ 100% Plus ____ % Interest

If there is more than one class of unsecured claims, list each class and how it is to be treated:
<u>Class of Unsecured Creditors</u>                    <u>Treatment</u>
-NONE-

**5.        THE AMOUNT AND VALUATION OF CLAIMS.**
Secured creditors holding claims treated under Section 5 retain their liens until the earlier of: the payment of the underlying debt determined under nonbankruptcy law; or discharge under 11 U.S.C. § 1328; or, if the Debtor cannot receive a discharge as provided in 11 U.S.C. § 1328(f), the notice of Plan completion. If the case is dismissed or converted without completion of the Plan, liens shall also be retained by the holders to the extent recognized under applicable nonbankruptcy law.

**5.1.    Valuing a Claim or Avoiding a Lien Under 11 U.S.C. § 506 Through the Plan.**
The Debtor seeks to value a claim or avoid a lien under 11 U.S.C. § 506 through the Plan for: *None* ■ or the *Claims Listed Below* ☐ (mark <u>one</u> box only). The claims listed below include: *Claims Secured by the Debtor's Principal Residence* ☐ and/or *Other Property* ☐. Make sure to list the value of the collateral proposed to be paid through the Plan plus any interest below and in Section 4.6.3 above, as appropriate. Separately file: evidence of the collateral's value; the existence of any superior lien; the exemption claimed; and the name, address, and nature of ownership of any non-debtor owner of the property. If the lienholder has not filed a proof of claim, also separately file evidence of the amount of the debt secured by the collateral. The amount and interest rate of the claim is set as listed below or by superseding Court order. A proof of claim must be filed before the Trustee makes payments. Any undersecured portion of such claim shall be treated as unsecured.

| <u>Lienholder</u> | <u>Collateral</u> | <u>Value</u> | <u>%Rate</u> | <u>Monthly Payment</u> | <u>No. of Months.</u> |
|---|---|---|---|---|---|
| -NONE- | | | | | |

**5.2.    Valuing a Claim or Avoiding a Lien Under 11 U.S.C. § 506 by Separate Motion or an Adversary Proceeding.**
The Debtor seeks to value a claim or avoid a lien under 11 U.S.C. § 506 by separate motion or an adversary proceeding for: *None* ■ or the *Claims Listed Below* ☐ (mark <u>one</u> box only). The amount and interest rate of the claim will be set by Court order. Make sure to list the value of the collateral proposed to be paid through the plan plus any interest as determined by the Court in Section 4.6.3 above, as appropriate. A proof of claim must be filed before the Trustee makes payments. Any undersecured portion of such claim shall be treated as unsecured.

4

<u>Lienholder</u>                               <u>Collateral</u>
**-NONE-**

**5.3.     Valuing a Claim or Avoiding a Lien Under 11 U.S.C. § 522(f)\* Through the Plan.**

The Debtor seeks to value a claim or avoid a lien under 11 U.S.C. § 522(f)\* through the Plan for: *None* ■ or the *Claims Listed Below* ☐ (mark <u>one</u> box only). Make sure to list the value of the collateral proposed to be paid through the Plan plus any interest below and in Section 4.6.3 above, as appropriate. Separately file: evidence of the collateral's value; the existence of any superior lien; the exemption claimed; and the name, address, and nature of ownership of any non-debtor owner of the property. If the lienholder has not filed a proof of claim, also separately file evidence of the amount of the debt secured by the collateral. The amount and interest rate of the claim is set as listed below or by superseding Court order. A proof of claim must be filed before the Trustee makes payments. Any undersecured portion of such claim shall be treated as unsecured.

| <u>Lienholder</u> | <u>Collateral</u> | <u>Value</u> | <u>%Rate</u> | <u>Monthly Payment</u> | <u>No. of Months.</u> |
|---|---|---|---|---|---|
| **-NONE-** | | | | | |

*\*Under 11 U.S.C. § 522(f) the Debtor may avoid a lien to the extent it impairs an exemption if the lien is a judicial lien or a nonpossessory, non-purchase money security interest in certain property.*

**5.4.     Valuing a Claim or Avoiding a Lien Under 11 U.S.C. § 522(f)\* by Separate Motion or an Adversary Proceeding.**

The Debtor seeks to value a claim or avoid a lien under 11 U.S.C. § 522(f)\* by separate motion or an adversary proceeding for: *None* ■ or the *Claims Listed Below* ☐ (mark <u>one</u> box only). The amount and interest rate of the claim will be set by Court order. Make sure to list the value of the collateral proposed to be paid through the Plan plus any interest as determined by the Court in Section 4.6.3 above, as appropriate. A proof of claim must be filed before the Trustee makes payments. Any undersecured portion of such claim shall be treated as unsecured.

<u>Lienholder</u>                               <u>Collateral</u>
**-NONE-**

*\*Under 11 U.S.C. § 522(f) the Debtor may avoid a lien to the extent it impairs an exemption if the lien is a judicial lien or a nonpossessory, non-purchase money security interest in certain property.*

**5.5.     Claims Excluded from 11 U.S.C. § 506\*\*.**

The Debtor will pay through the Plan the following claims excluded from 11 U.S.C. § 506\*\* in full plus any interest for: *None* ■ or the *Claims Listed Below* ☐ (mark <u>one</u> box only). Make sure to list the amount proposed to be paid through the Plan plus any interest below and in Section 4.6.3 above, as appropriate. The amount of each claim to be paid will be established by the lienholder's proof of claim or Court order. The interest rate of the claim is set as listed below or by superseding Court order. A proof of claim must be filed before the Trustee makes payments.

| <u>Lienholder</u> | <u>Collateral</u> | <u>Amount to Be Paid</u> | <u>%Rate</u> | <u>Monthly Payment</u> | <u>No. of Months.</u> |
|---|---|---|---|---|---|
| **-NONE-** | | | | | |

*\*\*Claims excluded from 11 U.S.C. § 506 include claims where the lienholder has a purchase money security interest securing a debt incurred within the 910-day period preceding the petition date, and the collateral consists of a motor vehicle acquired for the personal use of the Debtor, or the collateral consists of any other thing of value if the debt was incurred during the 1-year period preceding the petition date.*

**6.     APPLICATION OF PAYMENTS ON ACCOUNT OF SECURED CLAIMS.**

Payments made by the Chapter 13 Trustee on account of arrearages on pre-petition secured claims may be applied only to the portion of the claim pertaining to pre-petition arrears, so that upon completion of all payments under the Plan,

5

the loan will be deemed current through the petition date.

**7.      EXECUTORY CONTRACTS AND UNEXPIRED LEASES.**

Any unexpired lease with respect to personal property that has not previously been assumed during the case, and is not assumed in the Plan, is deemed rejected and the stay of 11 U.S.C §§ 362 and 1301 is automatically terminated with respect to such property. The following executory contracts and/or unexpired leases are assumed or rejected for: *None* ■ or the *Claims Listed Below* ☐ (mark <u>one</u> box only). Any claim for rejection damages must be filed within 60 days from entry of the order confirming this Plan.

| <u>Lessor or Contract Holder</u> | <u>Subject of Lease or Contract</u> | <u>Assumed</u> | <u>Rejected.</u> |
|---|---|---|---|
| None | | | |

**8.      REVESTING PROPERTY OF THE ESTATE.**

Title to the Debtor's property shall revest in the Debtor when the Debtor is granted a discharge pursuant to 11 U.S.C. § 1328; or, if the Debtor cannot receive a discharge as provided in 11 U.S.C. § 1328(f), upon the notice of Plan completion; or upon dismissal of the case.

**9.      NON-STANDARD PROVISIONS.**

Any non-standard provision placed elsewhere in the Plan is void. Any and all non-standard provisions are: *None* ☐ or *Listed Below* ■ (mark <u>one</u> box only).
<u>Non-Standard Plan Provisions</u>

**10.      SIGNATURES.**

The Debtor's signature below certifies that the Plan provisions above are all the terms proposed by the Debtor, and the Debtor has read all the terms and understands them. The signature below of the Debtor and Debtor's Counsel, if any, also certifies that the Plan contains no non-standard provision other than those set out in Section 9 above.

Date:   **November 27, 2018**                                    **/s/ Joseph A Jamison**

                                                                                 **Joseph A Jamison**
                                                                                 Debtor

**/s/ Michael Coyle**

**Michael Coyle 16202**                                        Joint Debtor
Attorney for Debtor

6

# United States Bankruptcy Court
## District of Maryland

In re   **Joseph A Jamison**                                      Case No.  **18-24213**
                                               Debtor(s)      Chapter   **13**

### PRE-CONFIRMATION CERTIFICATION

Debtor(s) hereby certify under penalty of perjury that the following statements are true and correct:

1. Debtor(s) has/have paid any fee, charge, amount required under Sec. 1930 of title 28, U.S.C, or by the plan (i.e. adequate protection payments) to be paid before confirmation.

2. Debtor(s) has/have paid all amounts that are required under a domestic support obligation and that first became payable after the date of the filing of the petition, if applicable.

3. Debtor(s) has/have filed all applicable Federal, State, and Local tax returns with the appropriate taxing authorities for all taxable periods ending during the 4-year period ending on the date of the filing of the petition.

Debtor(s) affirm that the plan is proposed in accordance with 11 U.S.C §1325 and request said plan be confirmed.

Date  **November 27, 2018**                 Signature   **/s/ Joseph A Jamison**
                                                         **Joseph A Jamison**
                                                         Debtor

**Local Bankruptcy Form O**

Ver. 11.07